THOMAS J. MALIK, Judge Pro Tem.
Plaintiff in the original demand claimed a large sum in damages from multiple defendants, among them appellants here, John Ross and Ralph Waits. Ross and Waits are executive officers of Bancroft & Ross Co., employer of plaintiff. Also named as defendants were American Mutual Liability Insurance Co., who had coverage in favor of Ross and Waits for several years prior to and including 1967, and Fireman’s Fund Insurance Co. who provided coverage from January 1, 1968 and thereafter. The date of discovery of the injury was August 9, 1968.
Fireman’s Fund filed an answer on its own behalf and on behalf of Ross and Waits in which it was asserted that American Mutual was the proper party defendant. American Mutual also denied coverage, and refused to answer on behalf of Ross and Waits.
A third-party demand against both insurers was filed by.Ross and Waits through their own attorney claiming each insurance company had the obligation to defend and indemnify the executive officers. Fireman’s Fund admitted their policy and agreed to defend Ross and Waits but denied coverage again asserting that American Mutual was the proper insurer. American Mutual continued to rely on their answer denying coverage.
The main demand brought by plaintiff Frank Kinler was settled prior to trial, each insurance company making contribution to the settlement, following which both insurance companies filed motions for summary judgment asserting that there was no obligation to reimburse the insureds for the costs of their individual defense. The trial court granted the two motions from which ruling this appeal results.
The sole issue presented on appeal is the propriety of the trial court’s judgment dismissing the third-party demands by way of summary judgment. This Court is of the opinion that summary judgment was improper insofar as American Mutual Liability Insurance Co. is concerned, having failed to file its policy although ordered to by the lower court on March 24, 1972, two months before the first motion was filed.
It appears from the record that Associated Indemnity Corporation-Fireman’s Fund Insurance Company fulfilled its obligation under its policy, which was filed into the *857 record, tendered a defense to appellants without reservation except to allege that the injury complained of occurred prior to its insuring agreement, and during the policy period of American Mutual. Such a defense made introduction of the American Mutual policy of prime importance, as well as the promise of a defense by American Mutual in the event the trial court determined that the injury was caused before Associated Indemnity Corporation-Fireman’s Fund policy period. In that event Ross and Waits would have had no protection, American Mutual having denied coverage as well as liability.
Summary judgments should be looked on with favor by trial courts whenever possible, however, where the entire crux of a case revolves around the policy provisions of insurance and said policies are not admitted into evidence, this court cannot determine how the responsibilities of the parties could be determined without a review of those contracts. No matter how reasonable a surmise that these appellants are unlikely to prevail in the lower court, the record lacks the necessary ingredient with which to compare this case to Breitenbach v. Green, La.App., 186 So.2d 712, which sets out the present law on the subject of the insurers’ obligation to defend an insured.
The summary judgment dismissing the third-party demand was premature insofar as American Mutual is concerned, without introduction of its policies of insurance, therefore said judgment is reversed in favor of appellants as to American Mutual Liability Insurance Company as this matter is remanded.
Associated Indemnity Corporation-Fireman’s Fund Insurance Company is dismissed from this action, all costs of this appeal insofar as this defendant is to be borne by John Ross and Ralph Waits.
STOULIG, J., dissents with written reasons.